IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RONALD V. JACKSON, #268425**                                                              **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO.  1:05cv304LG-RHW**

**CITY OF GULFPORT**                                                                          **DEFENDANT**

OPINION AND ORDER

Upon further consideration of the complaint and the records in this action, the court finds that an order was entered on July 26, 2005, requiring plaintiff to file an amended complaint within twenty days.  Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.  A copy of the order was mailed to the plaintiff at his last known address.

After more than twenty days passed without receiving a response from the plaintiff to the court's order, the court entered an Order To Show Cause on October 25, 2005, directing the plaintiff to state why this cause should not be dismissed for his failure to file a timely response. The order further directed the plaintiff  to comply with the court's order of July 26, 2005.  On November 16, 2005, the envelope containing the Order to Show Cause was returned to the court with the notation "released."

According to the court records, plaintiff has failed to communicate further with the court, either to inquire as to the status of his case or to attempt to comply with the court's order.  The plaintiff's failure to comply with an order of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.  This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil

Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading and has never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

**SO ORDERED AND ADJUDGED** this the 4th day of January, 2006.

s/ Louis Guirola, Jr.
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE